The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
Defendants have moved to dismiss plaintiff's appeal for failure to file a Form 44 and brief. Pursuant to Rule 801 of the North Carolina Workers' Compensation Rules, in the interest of justice and noting plaintiff's recent pro se status, defendants' motion is HEREBY DENIED; and the Full Commission will proceed to decide the case on the merits.
Upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between Cecil A. Durham, and Brenner Companies, Inc., on or about June 24, 1996.
3. Brenner Companies, Inc., was insured by Transcontinental Insurance Company at all times relevant to this claim.
4. The plaintiff began work for the defendant on November 28, 1988, but left voluntarily on January 15, 1993. He returned to work for defendant on May 9, 1994.
5. Plaintiff's average weekly wage is $45l.21. Plaintiff's compensation rate is $300.81.
6. Plaintiff's last day of work for defendant was on June 24, 1996. Plaintiff was released to return to work on September 30, 1996, with restrictions including no repetitive bending or lifting of weights in excess of 25 pounds. Plaintiff was released from medical treatment by Dr. Timothy McGowen on December 5, 1996. Dr. McGowen rated plaintiff with a ten percent (10%) permanent partial disability to his back.
7. The parties agree that all medical records from the health care providers listed below may be accepted as substantive evidence in this case of what each physician would testify to under oath if the physician were present and examined at this hearing. All hearsay objections are deemed waived. This stipulation does not preclude further examination of any of plaintiff's treating physicians or the addition of further medical documentation as it is received:
— PrimeCare Medical Center
— Frank Crowell, MD/Triad Neurological Associates, PA
— Salem MRI
 — Timothy McGowen, MD/Salem Orthopaedic Sports Medicine, PA
— Forsyth Memorial Hospital
— Rehability Center
— Orthopaedic Specialists of the Carolinas, PA
— Dr. Chad Stevens
8. The issues to be decided by the Industrial Commission are:
 a. Did plaintiff sustain an injury by accident or a specific traumatic incident pursuant to N.C.G.S. § 97-2(6)?
 b. If so, to what benefits, if any, is plaintiff entitled?
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
(1) Brenner Companies is in the business of fabricating steel on a contract basis for the erection of large steel complexes such as office buildings and hospitals. At all times relevant to this action, plaintiff was employed as a "layout, fit-up" worker, which required him to lay out steel pieces and fit the pieces together consistent with engineering drawings provided to him.
(2) On April 25, 1996, plaintiff was absent from work because of leg pain.
(3) On May 9, 1996, plaintiff was absent from work again and reported to his supervisor that he went to the doctor for back pain. However, plaintiff did not see a physician on May 9, 1996. Instead, he remained at home because of back pain.
(4) On May 21, 1996, plaintiff came to work late, reporting to his supervisor that he had seen a physician for his back problems. Plaintiff had not sought medical care, but instead had stayed at home because of back pain.
(5) On June 17, 1996, plaintiff reported to his supervisor that he had another doctor's appointment for his back and left work at 10:00 a.m. Again, plaintiff did not see a physician but remained at home because of back pain.
(6) On June 18, 19, and 21, 1996, plaintiff reported to his supervisor that his back was still causing him problems and that he was unable to work.
(7) During May and June, plaintiff reported to his supervisor that he did not know how he hurt his back.
(8) Plaintiff reported to Brenner Companies' insurance administrator that he did not know how he injured his back.
(9) Plaintiff did not suffer any injury by accident or specific traumatic incident at work any time prior to June 24, 1996, nor does plaintiff contend he suffered an injury by accident or specific traumatic incident at work prior to June 24, 1996.
(10) Plaintiff's time card establishes that plaintiff did not report to work until 11:00 a.m. on June 24, 1996, and that he continued to work until 4:00 p.m., his regularly scheduled quitting time.
(11) Plaintiff's production records establish that the only steel base plate plaintiff handled on June 24, 1996, was a 274 lb. plate, which was maneuvered by a crane rather than being lifted by plaintiff.
(12) Plaintiff's June 24, 1996 medical note from PrimeCare reflects that plaintiff reported to his physician "back pain resolved — now just leg pain no specific injury — just slowly came on "
(13) Plaintiff's primary treating physician stated that plaintiff's disc injury evolved over the course of time from his first complaints of back problems in April, 1996 and was not the result of any one-time specific traumatic incident. This opinion was based upon the history given to him by the plaintiff, and the treating physician's opinion is accepted as credible and convincing.
(14) Plaintiff's testimony that he suffered a work-related, specific traumatic incident at approximately 9:30 a.m. on June 24, 1996, while lifting a base plate, motivating him to seek immediate medical attention, is not accepted as credible or convincing when weighed against the above findings of fact and based on plaintiff's demeanor before the deputy commissioner, to which the undersigned defer.
(15) As plaintiff's testimony is not credible, plaintiff has not sufficiently proved by the greater weight of the competent, credible or convincing evidence that any injury which may have occurred on or about June 24, 1996, resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions.
(16) Plaintiff's disc herniation occurred gradually over time and was not caused by or aggravated by any work accident or specific traumatic incident.
(17) Plaintiff was separated from payroll on October 11, 1996, as defendant Brenner Companies did not have available work within plaintiff's restrictions.
 ***********
The foregoing stipulations and Findings of Fact engender the following
 CONCLUSIONS OF LAW
1. On or about June 24, 1996, plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences. Therefore, any injury sustained by plaintiff on or about June 24, 1996 did not result from a specific traumatic incident of the work assigned, or from an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer. N.C.G.S. §97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, HEREBY DENIED.
2. Each side shall bear its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of March, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
JHB:kws